**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**HUAN CHAO HE,**
          Petitioner,

          v.                                                    **Civil Action No. 3:26cv67 (RCY)**

**PAMELA BONDI,** *et al.*,
          Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Petitioner Huan Chao He's ("Petitioner") Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and subsequent Motion to Expedite

Consideration of Petition for Writ of Habeas Corpus ("Motion to Expedite").  Petitioner challenges

his detention by Immigration and Customs Enforcement ("ICE"), arguing that his prolonged

detention in ICE custody violates his constitutional right to due process under the Fifth

Amendment to the United States Constitution and the Immigration and Nationality Act ("INA").

The matters are ripe for disposition.  For the reasons articulated below, the Court will grant the

Motion to Expedite, deny the Petition, and lift the injunction against further transfer and removal

of Petitioner.

**I.  PROCEDURAL HISTORY**

Petitioner, through counsel, filed a Petition for Writ of Habeas Corpus on January 27, 2026.

ECF No. 1.  On January 29, 2026, the Court issued an Order noting that the Petition did not comply

with Rule 2 of the Rules Governing Section 2254 Cases[1] and ordering the filing of a properly

signed Petition.  ECF No. 5.  On February 8, 2026, Petitioner filed an Amended Petition, ECF No.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241.  Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

8 (hereinafter simply, "Petition"), and the Court accordingly ordered service upon Respondents and set a briefing schedule, *see* Order, ECF No. 9.

On March 12, 2026, Respondents filed a Motion to Dismiss Petition and Brief in Support Thereof, ECF No. 10, arguing that Petitioner fails to state a claim for habeas relief because (1) he has not demonstrated that his removal is not "foreseeable," (2) ICE is in the process of obtaining a necessary travel document to effectuate the removal of Petitioner, and (3) Petitioner is entitled to no further due process beyond that established by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner responded on March 23, 2026, Pet'r's Opp'n, ECF No. 11, and Respondents replied on March 30, 2026, ECF No. 12.

On June 19, 2026, Petitioner filed a Motion to Expedite Consideration of Habeas Petition, ECF No. 13, and an Emergency Motion for Temporary Restraining Order and Injunctive Relief, ECF No. 14. In response to the latter, the Court issued an Order acknowledging its preserved jurisdiction over the pending Petition and enjoining Respondents from further transferring Petitioner pending issuance of a ruling on the Petition. Respondents then filed a Motion for Partial Vacatur of Court Order, ECF No. 16, representing that the government had obtained the necessary travel documents from China authorizing Petitioner's reentry into China, and that, to effectuate the now-possible removal of Petitioner to China, Respondents need the Court to vacate its Order enjoining further transfer. On June 26, 2026, counsel for Petitioner filed a Notice of Non-Opposition to the Motion for Partial Vacatur. ECF No. 17.

## II.  FACTUAL BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Pet. ¶ 17. He is sixty-five years old, married with two U.S. citizen sons, and retired. *Id.* ¶¶ 20, 22–23, 32; Mem. Supp. Mot. Dismiss Ex. 1 ("Byrne Decl.") ¶ 5, ECF No. 10-1. He has "strong ties to the United States,"

has paid his taxes over the years and his only contact with law enforcement has been in connection with his various immigration proceedings.  Pet. ¶ 24.

Petitioner was paroled into the United States on or around November 29, 1990.  *Id.* ¶ 17. Since that time, he has been assigned various alien registration numbers ("A numbers") over the course of multiple immigration proceedings in different jurisdictions.  *Id.* at 1 n.1, ¶¶ 17–18.  The Court need not recite the full of Petitioner's convoluted immigration court history, however, because at bottom, the parties agree that Petitioner is subject to a final order of removal issued in 1996.  Byrne Decl. ¶ 10; Pet'r's Opp'n 2.  Petitioner represents that, while subject to this order, he "has been reporting on an order of supervision for many years" and "[h]e has always complied," and that "[h]e was detained during a routine reporting on March 17, 2025."  Pet. ¶ 25.

His detention notwithstanding, "Petitioner is pursuing his legal remedies to reopen his [1996] removal case to apply for adjustment of status to permanent resident based on an approved I-130 filed by his [United States citizen] son."  *Id.* ¶ 31.  Petitioner's removal was initially stayed pending adjudication of his motion to reopen a 1991 exclusion order, but this stay was lifted when the motion was granted on September 19, 2025.  Byrne Decl. ¶ 13.  On October 14, 2025, the Department of Homeland Security ("DHS") requested travel documents for Petitioner from the Consul General of China.  *Id.* ¶ 14.

Respondents submit that "[it] is currently taking approximately four to five months to obtain nationality verification and travel documents from [China]," and that "[t]ravel documents are usually issued two to three weeks after identity is confirmed."  Reply Ex. 1 ("Suppl. Byrne Decl.") ¶¶ 6–7, ECF No. 12-1.  As of March 30, 2026, DHS was still "waiting on China to complete its identity verification process" and issue the necessary travel document.  *Id.* ¶ 14; Suppl. Byrne

Decl. ¶ 11.  However, as of June 23, 2026, it appears that DHS has obtained the necessary documentation and is prepared to proceed with the removal of Petitioner.

### III. STANDARDS OF REVIEW

#### A. Habeas Petitions

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

#### B. Detention Under 8 U.S.C. § 1231 and *Zadvydas*

8 U.S.C. § 1231[2] governs the detention and removal of aliens subject to final orders of removal.  Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed "within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  The alien "*shall*" be detained during the removal period.  *Id.* § 1231(a)(2)(A).  An alien not removed during the 90-day removal

---

[2] Providing, in pertinent part:

(a) Detention, release, and removal of aliens ordered removed
    (1) Removal period
        (A) In general
        Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")
                    * * *
    (2) Detention
        (A) In general
          During the removal period, the Attorney General shall detain the alien[.]

8 U.S.C. § 1231(a)(1)–(2).

period may be released or detained.  Under 8 U.S.C. § 1231(a)(3), aliens who do not leave the United States or are not removed during the removal period "*shall* be subject to supervision" pending their removal.  8 U.S.C. § 1231(a)(3) (emphasis added).  But § 1231(a)(6) provides allowance for the continued detention of an alien after the removal period.

Section 1231 "does not specify a time limit on how long DHS may detain an alien in the post-removal period." *Castaneda v. Perry*, 95 F.4th 750, 755–56 (4th Cir. 2024).  But the United States Supreme Court addressed this issue in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In *Zadvydas*, the Supreme Court considered whether § 1231(a)(6) authorizes the indefinite detention of an alien subject to a removal order, or whether the statute permits detention only for a period reasonably necessary to secure the alien's removal. *Zadvydas*, 533 U.S. at 692.  Recognizing the "serious constitutional problem arising out of a statute that . . . permits an indefinite, perhaps permanent, deprivation of human liberty," *id.*, the *Zadvydas* Court "construe[d] [§ 1231] to contain an implicit 'reasonable time' limitation.'" *Id.* at 682.  This period, the Supreme Court determined, is presumptively six months. *Id.* at 701.

The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.*  But if an alien is detained beyond six months, the reasonable presumption no longer exists.  At that point, if the alien makes a *prima facie* showing "'that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing' or release the alien." *Castaneda*, 95 F.4th at 756 (quoting *Zadvydas*, 533 U.S. at 701); *see also Menghua Wan v. Crawford*, No. 1:13-cv-1473 (JCC), 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (explaining the burden-shifting test established in *Zadvydas* to assess the constitutionality of detention following the presumptively reasonable six-month period).

## IV.  ANALYSIS

The issue before the Court is whether Petitioner's removal from the United States is likely to occur in the reasonably foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678 (2001).   Based on the papers initially filed, this was a question open to debate.  But recent filings have resolved the issue:  Respondents have obtained the necessary travel papers for Petitioner, and he has been preliminarily positioned for removal; all that remains is for the Court to lift its injunction on further transfer and removal, and Petitioner's final order of removal can be effectuated.  Mot. Partial Vacatur ¶¶ 4, 8, ECF No. 16.  Petitioner's counsel initially took no position with respect to this development or Respondents' request for vacatur of the transfer injunction, *id.* ¶ 9, but thereafter filed a formal Notice of Non-Opposition, ECF No. 17.

Because Petitioner's removal has become patently imminent, the Court easily finds that Petitioner's removal is likely to occur in the reasonably foreseeable future, *Zadvydas*, 533 U.S. at 701, and therefore the Court must deny the Petition, lift the injunction against further transfer, and permit the Government to move forward with effectuating Petitioner's final removal order.

An appropriate Order will issue.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: June 30, 2026
Richmond, Virginia